**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

JERCOLBY LYNN BRADLEY;  )
KEITH CRADDOCK;  )
MATTHEW RYAN LEATHERWOOD;  )
ARINZECHUKWU EZIAKOR; and  )
KRISHON DAYE,  )
                                     )
            Plaintiffs,  )
                                     )
v.  )    Case No. CIV-13-293-KEW
                                     )
STATE OF OKLAHOMA, ex rel.  )
BOARD OF REGENTS OF  )
SOUTHEASTERN OKLAHOMA STATE  )
UNIVERSITY, CAMPUS DISCIPLINARY  )
COUNCIL OF SOUTHEASTERN  )
OKLAHOMA STATE UNIVERSITY,  )
                                     )
            Defendants.  )

## OPINION AND ORDER

This matter comes before the Court on Plaintiff Jercolby Bradley's *pro se* Motion to Dismiss Without Prejudice (Docket Entry #14) and Defendants' Motion to Dismiss (Docket Entry #15). Plaintiffs commenced this action on June 3, 2013 in the District Court in and for Bryan County, Oklahoma. On July 5, 2013, Defendants filed a Notice of Removal effectuating the removal of the case to this Court.

In their Petition, Plaintiffs alleged that on April 1, 2013, they were students at Southeastern Oklahoma State University ("SEOSU") and were informed they had performed acts contrary to the SEOSU Student Code of Conduct ("SCC"). After an informal hearing, the Dean of Student Affairs notified Plaintiffs they had violated the SCC and would be suspended for one academic year. The decision was affirmed after appeal to the Committee on Student Conduct (the

"Committee") and appearance at a hearing before that body. Plaintiffs were immediately suspended from SEOSU.

Plaintiffs allege they bring this action as an appeal of the rulings of the Dean and of the Committee under the Administrative Procedures Act (the "APA") and "the SCC." Plaintiffs allege the Committee failed "to conduct a meaningful hearing with an opportunity to be heard" in violation of the APA. Plaintiffs further allege the Committee failed to follow the SCC. Plaintiffs were allegedly

> denied the right for an attorney to be present for them, to act on their behalf, to examine and cross-examine witnesses, and to make sure that competent evidence was presented which would allow any and all decision makers to make a decision that was grounded in the facts of the case.
>
> *See,* Petition for Review of Administrative Proceedings, (Docket Entry #4).

Plaintiffs contend that were denied due process by the alleged failure to follow the APA. They request a review of the findings of the Dean and the Committee under the APA and "either the Court remand this case back for a *de novo* review before a new and impartial CSC [Committee], or conduct a trial *de novo* on the issues itself." (Bracketed information added by this Court.).

As an initial matter, Plaintiffs' response to this Court's show cause order will be accepted. Thus, the response will be allowed as filed out-of-time.

Additionally, Plaintiff Jercolby Bradley, through his *pro se* Motion to Dismiss, requests that he be permitted to dismiss his claims against Defendants without prejudice to re-filing. Defendants contend the dismissal should be with prejudice since this Plaintiff did not participate in this federal action after removal. This Court finds no basis for Defendants' request. Defendants will not suffer a plain legal prejudice other than the prospect of a second lawsuit should Plaintiff Bradley's dismissal be accomplished without prejudice. Keal v. Monarch Life Ins. Co., 125 F.R.D. 567, 569 (D. Kan. 1989). Accordingly, the dismissal will be granted without prejudice.

The removal of this action was effectuated pursuant to 28 U.S.C. § 1441(a) based upon the existence of a federal question wherein Plaintiffs allege a violation of their due process rights. *See* Notice of Removal, (Docket Entry #3). Since this stands as the basis for this court to exercise federal jurisdiction, the adequacy and legal plausibility of Plaintiffs' allegations surrounding a lack of due process will be initially examined.

In order to establish a claim for a violation of due process rights, Plaintiffs must first possess a property interest in the continued attendance at a college or university. Siblerud v. Colo. State Bd. of Agriculture, 896 F.Supp. 1506, 1512-13 (D. Colo. 1995) citing Bd. of Curators of the Univ. of Missouri v. Horowitz, 435

U.S. 78, 82 (1978). Property interests are not created by the Constitution but must be defined by an independent source such as state law. Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972). Unlike the right to a free public education, Oklahoma law does not provide for an equivalent right to a college or university education. Okla. Const. Art. 1, § 5; Okla. Const. Art. 13 § 1. Nevertheless, the Tenth Circuit has identified a nursing student's property interest in the continued enrollment in an Oklahoma university nursing program. Gossett v. Okla. ex rel. Bd. of Regents for Langston Univ., 245 F.3d 1172, 1181 (10th Cir. 2001) citing Harris v. Blake, 798 F.2d 419, 422 (10th Cir. 1986). Based upon this authority, this Court is required to conclude that Plaintiffs possess the requisite property interest in continuing their enrollment at SEOSU and, thus, a potential due process claim.[1]

Defendants next contend that, based upon the facts on the face of the Petition, Plaintiffs received all of the process to which they were due and that the due process provided to them was adequate under the current state of the law prior to their suspension. The viability of Plaintiffs' due process claim under

---

[1] The Tenth Circuit's analysis in the Gossett decision did not include a finding of an Oklahoma state law entitlement to continuing education unlike the Colorado statute cited in Harris. While this Court might agree with Defendants' contention that no such state created entitlement expressly exists in Oklahoma, this Court is bound by the Tenth Circuit's determination to the contrary.

Fed. R. Civ. P. 12(b)(6) requires an evaluation as to whether Plaintiffs' claim failed to meet the plausibility standard enunciated in United States Supreme Court cases of <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009).

Clearly, <u>Bell Atlantic</u> changed the legal analysis applicable to dismissal motions filed under Fed. R. Civ. P. 12(b)(6), creating a "refined standard" on such motions. <u>Khalik v. United Airlines</u>, 671 F.3d 1188, 1191 (10th Cir. 2012)(citation omitted). <u>Bell Atlantic</u> stands for the summarized proposition that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009) quoting <u>Bell Atlantic</u>, 550 U.S. at 570. The Supreme Court did not parse words when it stated in relation to the previous standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" is "best forgotten as an incomplete, negative gloss on an accepted pleading standard." <u>Bell Atlantic</u>, 550 U.S. at 546.

The Tenth Circuit has interpreted the plausibility standard as referring "to the scope of the allegations in the complaint: if

5

they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008). The Bell Atlantic case, however, did not intend the end of the more lenient pleading requirements of Fed. R. Civ. P. 8(a)(2). Khalik, 671 F.3d at 1191. Rather, in Khalik, the Tenth Circuit recognized the United States Supreme Court's continued endorsement of Rule 8's "short and plain statement" requirement in the case of Erickson v. Pardus, 551 U.S. 89 (2007) wherein the Supreme Court found "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. at 93. Stated succinctly, the facts in the complaint must sufficiently support all elements necessary to establish entitlement to relief under the legal theory proposed by the plaintiff. Lane v. Simon, 495 F.3d 1182, 1186 (10th Cir. 2007). It is against this backdrop that the sufficiency of Plaintiffs' original Petition is evaluated.

"[A] student facing expulsion or suspension from a public educational institution is entitled to the protections of due process." Gorman v. University of Rhode Island, 837 F.2d 7, 12 (1st Cir. 1988). The process that is due is not the judicial model of a civil or criminal trial. *See* Mathews v. Eldridge, 424 U.S.

319, 348 (1976); Nash v. Auburn University, 812 F.2d 655, 660 (11th Cir. 1987). Rather, due process requires advance notice of the charges, a fair opportunity to be heard, and an impartial decision-maker. *See* Goss v. Lopez, 419 U.S. 565, 579 (1975); Goldberg v. Kelly, 397 U.S. 254, 271 (1970); Nash, 812 F.2d at 661-63, 665.

In this case, the Petition states Plaintiffs were (1) notified of their alleged violation of the SCC; (2) aware of the potential punishment for a violation of the particular section of the SCC; (3) afforded a hearing before the Dean of Student Affairs; (4) notified by the Dean of Student Affairs that they had violated a particular section of the SCC; (5) notified by the Dean of Student Affairs that they would be suspended for one academic year; (6) afforded the opportunity for and availed themselves of an appeal of the Dean's decision to the Committee; (7) given a hearing before the Committee; and (8) notified of the decision affirming the Dean's suspension decision. This procedure afforded Plaintiffs all of the process that they were due and did not violate Plaintiffs' constitutional rights. Moreover, Plaintiffs' contention that they were entitled to an attorney to be present and act on their behalf at the two hearings has no foundation in the law. The suspension proceedings do not rise to the level of a legal proceeding entitling Plaintiffs to these rights guaranteed in criminal matters by the Sixth Amendment of the Constitution. As a result,

7

Defendants are entitled to the dismissal of Plaintiffs' due process claim.

Since the basis for federal jurisdiction lies in this action in a federal question, no independent federal jurisdictional basis remains for the determination of the remaining state law claim asserted by Plaintiffs. Supplemental jurisdiction over the state law claim based in an alleged violation of the Oklahoma Administrative Procedures Act is declined, this Court having dismissed all claims over which it possesses original jurisdiction. 28 U.S.C. § 1367(c)(3). The remaining claim will be remanded to the District Court in and for Bryan County, Oklahoma for further proceedings. In so doing, this Court expresses no opinion on Defendants' assertion that the Administrative Procedures Act does not apply to the facts in this case.

IT IS THEREFORE ORDERED that Plaintiff Jercolby Bradley's *pro se* Motion to Dismiss Without Prejudice (Docket Entry #14) is hereby **GRANTED**. All claims asserted by Plaintiff Bradley are hereby **DISMISSED WITHOUT PREJUDICE**.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (Docket Entry #15) is hereby **GRANTED**, in part, in that Plaintiffs' claim based in a violation of their due process rights is hereby **DISMISSED**. The remaining state law claim is hereby **REMANDED** to the

District Court in and for Bryan County, Oklahoma for further adjudication.

IT IS SO ORDERED this 28th day of April, 2014.

Kimberly E. West
United States Magistrate Judge
Eastern District of Oklahoma